**UNITED STATES of America, Appellee,**

v.

**James URBAN, Appellant.**

**No. 84–1154.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1984.

Decided Oct. 24, 1984.

---

Mark S. Bertolina, Bellevue, Neb., for appellant.

Ronald D. Lahners, U.S. Atty., Omaha, Neb., and Ellen R. Meltzer, for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

James Urban was convicted of mail fraud and wire fraud under 18 U.S.C. §§ 1341 & 1343 in a jury trial in United States District Court for the District of Nebraska. Urban appeals the conviction, arguing that there was insufficient evidence to convict him. We affirm.

In March, 1980, Urban was hired as a "loan correspondent" or salesman for American Midlands, a loan finding company. The company operated by contacting farmers and suggesting that it could assist them in procuring loans for farm purchases, livestock, and machinery. The salesmen usually met with the farmers at their homes, and made numerous misrepresentations about the company's ability to obtain large loans for its clients. At the end of their sales presentation, the salesmen would urge the farmers to sign a contract and pay an advance fee of $2,000 to $7,500, depending on the size of the loan request. After the farmers paid these fees, they would never hear from the salesmen again. For its entire period of operations, American Midlands had 1,621 clients who paid a total of $5,676,566 in advance fees. Most of the loan applications were never sent to even one potential lending source. Only five farmers ever obtained loans through the company.

In order to prove mail fraud, the government must establish: (1) a scheme to defraud, and (2) use of the mails in furtherance of the scheme. 18 U.S.C. § 1341. *See United States v. Wrehe*, 628 F.2d 1079, 1082 (8th Cir.1980). Proof of wire fraud similarly requires: (1) a scheme to defraud, and (2) an interstate call made in furtherance of that scheme. 18 U.S.C. § 1343. Urban admits the existence of a scheme to defraud, and does not contest particular mailings and calls which served as the basis of the indictment against him. He contends only that there was insufficient evidence of his criminal intent.

We find Urban's argument to have no merit. Intent to defraud may be inferred from all the facts and circumstances surrounding the defendant's actions. *United States v. Wrehe*, 628 F.2d at 1082. Urban was one of the company's most successful salesmen. Within six months of joining the company, he became temporary manager of the Dallas, Texas, regional office. Shortly thereafter, he became manager of the Bloomington, Minnesota, regional office, and in January, 1981, became Eastern Division Manager, supervising five sales offices. Six farmers testified at trial about misrepresentations Urban made to them about American Midlands' efforts to obtain loans. Urban supervised the training and work of several loan salesmen. Urban was aware that the company was not sending the loan applications to potential lenders. He had access to and reviewed the company's index system which reflected that most of the loan applications were never pursued. Despite his knowledge that the company failed to obtain loans, he continually misrepresented to farmers and to other salesmen that American Midlands was successful in procuring loans.

We thus conclude that there was ample evidence of Urban's role in the fraudulent scheme to allow the jury to find that he had the requisite criminal intent. His specific misrepresentations and his active role in the company's affairs were clearly sufficient to warrant his conviction. The judgment of the district court is therefore affirmed.